IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

ROBERT ANTHONY HUBBARD                                              PLAINTIFF

v.                                                          No. 4:10CV157-P-S

CARROLL-MONTGOMERY REGIONAL
CORRECTIONAL FACILITY, ET AL.                                      DEFENDANTS

## REPORT AND RECOMMENDATION

On March 14, 2011, plaintiff Robert Anthony Hubbard, an inmate in the custody of the Delta Correctional Facilitywith inmate number 109084, appeared before the undersigned for a hearing as set forth in *Spears v. McCotter,* 766 F.2d 179 (5th Cir. 1985), to determine whether there exists a justiciable basis for his claim filed under 42 U.S.C. § 1983. A plaintiff's claim will be dismissed if "it lacks an arguable basis in law or fact, such as when a prisoner alleges the violation of a legal interest that does not exist." *Martin v. Scott*, 156 F.3d 578 (5th Cir. 1998)(citations omitted). The Prison Litigation Reform Act applies to this case because the plaintiff was incarcerated when he filed this lawsuit.[1]

### Allegations

On October 12, 2009, at about 12:57 p.m., the plaintiff was attacked by gang members while housed at the Carroll-Montgomery Regional Correctional Facility – in clear view of the video camera. The plaintiff gave a detailed account of the incident to Nurse Wade, Sgt. Grifith, Sgt. Hughes, and Chief Edwards, both initially and at a later phase in the investigation. An audio recording was made of the later interview. Sgt. Williams was present during the recorded interview. The plaintiff believes that Williams was present for intimidation purposes, as the

---

[1] 28 U.S.C. § 1915(g).

plaintiff has filed assault charges against Williams the previous month.[2] Warden Smith and Lt. Harold were aware of both assaults, as the plaintiff had informed them.

Hubbard believes that prison officials have worked together to cover up – or at least downplay – the attack by gang members. Chief Edwards filed a rule violation report against only one of the attackers, when Hubbard identified six of his attackers. Hubbard's injuries from the gang attack caused injuries to his eye and abdomen – and aggravated the injuries he already had to his back and neck, causing spasms. He received a concussion from the injuries to his head – causing dizziness for six months, and headaches that continue to the present. He has received medical treatment for these injuries.

**Failure to Protect**

The plaintiff alleges that the defendants failed to protect him from the attack of the gang members. He has not, however, set forth how the defendants could have predicted the attack. "The Eighth Amendment affords prisoners protection against injury at the hands of other inmates" *Johnson v. Lucas*, 786 F.2d 1254, 1259 (5th Cir. 1986) (citations omitted). The pivotal inquiry is what the proper standard is for the court to apply in such cases. The Fifth Circuit has stated that "the 'deliberate indifference' standard [is] the proper standard to apply in the context of convicted prisoners who claim[] denial of medical care or the failure to protect." *Grabowski v. Jackson County Public Defenders Office*, 47 F.3d 1386, 1396 (5th Cir. 1995).

The plaintiff must allege that the defendants acted with reckless disregard to the possibility that the defendants failed to protect him from the gang members who attacked him.

---

[2] Hubbard alleges that Williams attacked him, causing injuries to his throat, neck, back, and groin.

In interpreting the applicable mental standard for "deliberate indifference" in conditions of confinement cases, which is also the applicable legal standard in the case at hand, *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995), the Supreme Court has held the standard is not met "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan,* 511 U.S. 825, 837 (1994). In this case, the plaintiff has not alleged how the defendants could have anticipated the attack; all the allegations involve incidents occurring *after* the attack. As such, he has not alleged that the defendants "consciously disregard[ed] a substantial risk of serious harm," which is necessary to state a claim cognizable under § 1983. *Id.* at 826 (citation omitted). For this reason, the plaintiff's claim that the defendants failed to protect him should be dismissed.

### Handling of Objections, Acknowledgment of Receipt

The appropriate procedures for filing objections to these findings and recommendations are found in 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b). Objections must be in writing and must be filed within fourteen (14) days of this date, and "a party's failure to file written objections to the findings, conclusions, and recommendation in a magistrate judge's report and recommendation within [14] days after being served with a copy shall bar that party, except on grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court . . . ." *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*)(citations omitted); *see also United States v. Carrillo-Morales*, 27 F.3d 1054, 1061-62 (5th Cir. 1994), *cert. denied*, 513 U.S. 1178, 115 S.Ct. 1163, 130 L. Ed. 1119 (1995).

The plaintiff must acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the clerk of the court within fourteen (14) days of this date. *Failure to comply with the requirements of this paragraph may lead to dismissal of this lawsuit under Fed. R. Civ. P. 41(b) for failure to prosecute the claim and for failure to comply with an order of the court.*

Respectfully submitted this 29th day of June, 2011.

/s/ David A. Sanders
DAVID A. SANDERS
UNITED STATES MAGISTRATE JUDGE